## ELIAS ALEXANDER *versus* L. FOLLET, administrator.

*A note, payable at an uncertain future day, was laid before a commissioner upon an insolvent estate, and rejected, because it was not yet due and payable. An appeal was claimed, and the declaration filed under the statute, stated the making of the note, that it was laid before the commissioner, and ought to have been allowed, according to its just value, yet the commissioner rejected the same, by reason of which an action had accrued, &c. It was held that the declaration was sufficient.*

THE estate of John Follet was administered in the insolvent course, and this was an appeal from a decision of the commissioner, rejecting the plaintiff's claim against the estate.

The declaration filed by the plaintiff, according to the direction of the statute, was as follows :

For that the said John Follet, at said Keene, on the 13th April, 1798, by his note of that date, by him subscribed, for value received, promised the plaintiff, to pay him or his order, the sum of $122,11, at the decease of of the wife of the said John Follet. And the plaintiff avers that the said wife of the said John Follet is still in full life, and that during the pendency of the commission of insolvency upon the estate of the said Follet, he presented the said note to the commissioner, duly appointed to receive, examine and allow the claims against said estate ; and that it was the duty of the said commissioner to have allowed the said note, according to its just value, yet the said commissioner refused to allow the same, by reason of which an action has accrued to the plaintiff, to have and recover the same.

To this declaration there was a demurrer, and joinder in demurrer.

*Wilson*, for the plaintiff, relied upon *Eaton* v. *Whitaker*, 6 Pick. 465.

*Joel Parker*, for the defendant.

The demand, in this case, is not yet due. When the parties have made their contract, they are bound, and must abide by it, and the legislature have no more power to authorize commissioners to allow a demand not due, than they have to authorize a suit and judgment on a demand not due, in the life time of the promissor.

This would alter the contract on a certain contingency, to wit, the death of the promissor ; and the legislature might as well extend the credit a year, as to make a demand payable a year, or any other time, previous to the period on which the parties have agreed.

If the legislature possessed such power, the statute of 1791, which was in force when this contract was made, gives no such authority, and the statute of 1822 cannot be applied to this case, for that would be to give it a retrospective operation. It would create a new obligation, and impose a new duty. On this point, we refer generally to 3 N. H. Rep. 473, *Woart* v. *Winnick* ; 2 Gallison, 105 ; 7 Johns. 502 ; 6 ditto, 101 ; 3 Dallas, 391.

The commissioner further considered, that this was a demand payable on a contingency, and therefore not within the last statute, even if it had been made since that statute was passed.

*By the court.* It is said that the claim of this plaintiff was rejected by the commissioner, because it was a demand depending upon a contingency, which had not happened. But such a view of the claim is entirely erroneous. This is not a demand depending upon a contingency, but is a present debt, although it is payable at an uncertain future time. This is no more a demand depending upon a contingency, than any other promissory note, payable at a future day. A demand depending upon

a contingency, which has not happened, and which cannot be allowed against an insolvent estate, exists where a debt or duty may arise upon the happening of some event, but where there is no debt or duty until the event happens. But this is not a case of that description. This claim is *debitum in presenti, solvendum in futuro*—a present debt, to be paid at a future time.

There are many cases in the books, which explain and recognize this distinction. 8 D. & E. 386, *Staines* v. *Planck*; 6 Johns. Ch. Rep. 266, *Roosevelt* v. *Mark*; 2 Strange, 867, *Tully* v. *Sporkes*.

But it is said that the statute of 1822, which provides for the allowance of claims against an insolvent estate, which are not due, is, with respect to this note, retrospective; because this claim existed prior to the time when that statute went into operation. The answer to this, however, is, that the statute of 1822, when applied to this claim, is not a retrospective law for the decision of a civil cause within the prohibition in the constitution. Thus applied, the statute amounts simply to a provision that, when a man dies insolvent, his estate shall be divided among his creditors, as well those whose debts are not due as those whose debts are due. It makes no new rule to decide, what are the rights of the parties under the contract, but merely provides how the estate shall be divided among the creditors.

*Declaration adjudged sufficient.*